UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
NEW PALTZ PROPERTY OWNERS
ASSOCIATION,

        Plaintiff,

        v.                              1:15-cv-325

THE VILLAGE OF NEW PALTZ,

        Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
THOMAS J. McAVOY
Senior United States Judge

## ORDER

On December 23, 2015, this Court directed the parties to brief the issue of whether Plaintiff had standing to sue in this case. See dkt. # 28. The parties filed briefs on the issue. See dkt. #s 31, 32.

This case involves Plaintiff's claim that a rental housing ordinance enacted by Defendant Village of New Paltz violates the rights of rental-property owners under the Fourth Amendment and the Contracts Clause of the United States Constitution. The Complaint seeks a declaratory judgment that the ordinance is unconstitutional. Plaintiff alleges that "Plaintiff, New Paltz Property Owners Association, is an unincorporated association whose membership is comprised of owners of rental real property located within the Village of New Paltz." Complaint, dkt. # 1, at ¶ 4. Further, all of these owners "are affected by the provisions of" the ordinance in question. Id. Plaintiff brings the action pursuant to 42 U.S.C. § 1983. Id. at ¶ 1.

The issue here is one of standing to sue. "Article III of the U.S. Constitution

limits the jurisdiction of federal courts to 'Cases or Controversies'" Keepers, Inc. v. City of Milford, 807 F.3d 24, 31 (2d Cir. 2015) (quoting U.S. Const. art. III, § 2). Standing is one element of this requirement. Id. "'[B]ecause standing is jurisdictional under Article III . . ., it is a threshold issue in all cases since putative plaintiffs lacking standing are not entitled to have their claims litigated in federal court.'" Official Comm. of the Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP, 322 F.3d 147, 156 (2d Cir. 2003) (quoting Shearson Lehman Hutton, Inc. v. Wagoner, 944 F.2d 114, 117 (2d Cir. 1991)). Courts are clear that "'the failure of parties to contest the district court's authority to hear a case 'does not act to confer [federal] jurisdiction . . . since a challenge to subject matter jurisdiction cannot be waived and may be raised [either by motion or] *sua sponte*' at any time." Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 107 (2d Cir. 1997) (quoting United Food Local 919 v. Centermark Properties, 30 F.3d 298, 301 (2d Cir. 1994)).

The Second Circuit Court of Appeals has recently reaffirmed that "'[i]t is the law of this Circuit that an organization does not have standing to assert the rights of its members in a case brought under 42 U.S.C. § 1983.'" Knife Rights, Inc. v. Vance, 802 F.3d 377, 387 (2d Cir. 2015) (quoting Nnebe v. Daus, 644 F.3d 147, 156 (2d Cir. 2011)). Second Circuit courts have found "'the rights [§ 1983] secures to be personal to those purportedly injured.'" Nnebe, 644 F.3d at 156 (quoting League of Women Voters of Nassau County v. Nassau County Bd. of Supervisors, 737 F.2d 155, 160 (2d Cir. 1984)). Thus, when an organization "sue[s] on [its] own behalf, [it] must independently satisfy the requirements of Article III standing." Knife Rights, 802 F.3d at 388. To meet those requirements, "'a plaintiff must have suffered an 'injury in fact' that is 'distinct and

palpable'; the injury must be fairly traceable to the challenged action; and the injury must be redressable by a favorable decision.'" Nnebe, 644 F.3d at 156 (quoting Denney v. Deutsche Bank AG, 433 F.3d 253, 263 (2d Cir. 2006)).

The only injury asserted in Plaintiff's Complaint is injury to members of Plaintiff's organization. Nothing in the Complaint alleges that the New Paltz Property Owners' Association itself has suffered any injury as a result of Defendant's conduct. In responding to the Court's order, Plaintiff makes no attempt to explain how the organization itself has suffered an injury that gives rise to standing. Instead, Plaintiff points to United States Supreme Court cases from the 1970s which establish that as a general proposition an organization has standing to sue on behalf of members when those members would have standing on their own, the organization is seeking to protect interests relate to its purpose, and the participation of individual members is unnecessary to obtain the relief requested. See, e.g., Warth v. Seldin, 422 U.S. 490, 511-515 (1975); Hunt v. Washington State Apple Advertising Comm'n, 432 U.S. 333, 343 (1977). Plaintiff contends that the allegations in the Complaint meet this standard.

The Second Circuit Court of Appeals has considered and rejected the argument that the Supreme Court's general description of associational standing applies to cases brought pursuant to 42 U.S.C. § 1983. As the Second Circuit found in Knife Rights:

> 'It is the law of this Circuit that an organization does not have standing to assert the rights of its members in a case brought under 42 U.S.C. § 1983.' Nnebe v. Daus, 644 F.3d 147, 156 (2d Cir. 2011) (collecting cases). Plaintiffs argue that Nnebe and the precedent on which it relies conflict with Warth v. Seldin, 422 U.S. at 511. But as Nnebe observed, this court has reaffirmed its rule as to organizational plaintiffs' representative standing even after Warth v. Seldin; thus individual panels are bound 'by the implicit determination of prior panels that the rule survives Warth 'until such time as [our prior decisions] are overruled either

3

by an en banc panel of our Court or by the Supreme Court.' Nnebe v. Daus, 644 F.3d at 156 n.5.

Knife Rights, 702 F.3d at 388. This Court is likewise bound by that precedent, and the Court must find that Plaintiff lacks standing to sue.

Because the Plaintiff lacks standing to sue as an organization under Section 1983 and has not sought leave to amend the Complaint to add parties or allegations that would satisfy the requirement of standing, the Court will dismiss the action for want of jurisdiction. Such dismissal is without prejudice, as the issues raised by the Complaint could conceivably be litigated by parties who properly allege standing. Since the Court lacks standing to hear the case, Plaintiff's request for a preliminary injunction, dkt. # 18, is also dismissed.

IT IS SO ORDERED

Dated: January 14, 2016

_____
Thomas J. McAvoy
Senior, U.S. District Judge